**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **MELLACONIC IP LLC,**  Plaintiff,  v.  **CONSTELLATION NEWENERGY, INC.,**  Defendant. | Civil Action No.:  **TRIAL BY JURY DEMANDED** |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

Now comes Plaintiff, Mellaconic IP LLC ("Plaintiff" or "Mellaconic"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Constellation NewEnergy, Inc. (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No 9,986,435 ("the '435 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2. Plaintiff is a Texas limited liability company with its principal place of business at 6009 West Parker Road – Suite 149-1027, Plano, Texas 75093.

3. Upon information and belief, Defendant is a corporation organized under the laws of Delaware, having a principal place of business at 1310 Point Street, Baltimore, Maryland 21231.

1

Upon information and belief, Defendant may be served with process c/o Corporate Creations Network, Inc., 119 East Court Street, Cincinnati, Ohio 45202.

4. Defendant maintains a physical presence in this judicial district through its operation of its facility located at 8405 Pulsar Place, Columbus, Ohio 43240.

5. Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website www.constellation.com, which is in the business of providing communication services, amongst other things. Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, its Internet website located at www.constellation.com, and its incorporated and/or related systems (collectively the "Defendant Website"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Defendant Website.

## JURISDICTION AND VENUE

6. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

8. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

9. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the

infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this forum state and in this judicial District; and (iii) having a physical presence in this District.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its formation in this District.

## FACTUAL ALLEGATIONS

11. On May 29, 2018, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '435 Patent, entitled "AUTONOMOUS, NON-INTERACTIVE, CONTEXT-BASED SERVICES FOR CELLULAR PHONE" after a full and fair examination. The '435 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

12. Plaintiff is presently the owner of the '435 Patent, having received all right, title and interest in and to the '435 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '435 Patent, including the exclusive right to recover for past infringement.

13. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

14. The invention claimed in the '435 Patent comprises autonomous, non-interactive context-based services (beyond traditional telephony and personal information management applications) on a cellular phone.

15. Claim 21 of the '435 Patent recites a method to perform an action.

16. Claim 21 of the '435 Patent states:

> "21. A method to perform an action, comprising:
> receiving, by a first device located at a first location, one or more messages that:
> indicate location information of a second device located at a second location, and
> include a request for a first action to be performed by the first device, wherein the request is related to the location information of the second device, wherein the one or more messages are received from the second device, and wherein the location information of the second device acts as authentication to allow the first action to be performed by the first device; and
> performing, based at least on the received one or more messages, by the first device, the authenticated first action that is related to controlling a third device." See Ex. A.

17. Claim 22 of the '435 Patent states:

> "22. The method of claim 21, wherein the second device includes a mobile device." See Ex. A.

18. Further, these specific elements also accomplish these desired results to overcome the then existing problems in the relevant field of network communication systems. *Ancora Technologies, Inc. v. HTC America, Inc.*, 908 F.3d 1343, 1348 (Fed. Cir. 2018) (holding that improving computer security can be a non-abstract computer-functionality improvement if done by a specific technique that departs from earlier approaches to solve a specific computer problem). See also *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999 (Fed. Cir. 2018); *Core Wireless Licensing v. LG Elecs., Inc.*, 880 F.3d 1356 (Fed. Cir. 2018); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299 (Fed. Cir. 2018); *Uniloc USA, Inc. v. LG Electronics USA, Inc.*, 957 F.3d 1303 (Fed. Cir. April 30, 2020)

19. Claims need not articulate the advantages of the claimed combinations to be eligible. *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1309 (Fed. Cir. 2020).

20. Based on the allegations, it must be accepted as true at this stage, that Claim 4 of the '515 Patent recites a specific, plausibly inventive way of gaining access to a network and using specific protocols rather than the general idea of confidentially authenticating a user. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019), *cert. denied sub nom. Garmin USA, Inc. v. Cellspin Soft, Inc.*, 140 S. Ct. 907, 205 L. Ed. 2d 459 (2020).

21. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '435 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 21 of the '435 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a method that encompasses that which is covered by Claim 21 of the '435 Patent.

## DEFENDANT'S PRODUCT(S)

22. Defendant offers solutions, such as the "Constellation Connect app" (the "Accused Instrumentality"),[1] that practices a method to perform an action (e.g., adjusting a thermostat or turning ON/OFF a smart light or scheduling of small appliances, etc.). A non-limiting and exemplary claim chart comparing the Accused Instrumentality of Claim 21 of the '435 Patent is attached hereto as Exhibit B and is incorporated herein as if fully rewritten.

23. As recited in Claim 21, a system, at least in internal testing and usage, utilized by the Accused Instrumentality practices receiving, by a first device (e.g., Constellation Connect server) located a first geographical location (e.g., the geographical location of the Constellation Connect data centre), one or more messages (e.g., geo-location information messages from a mobile device enabled with Constellation Connect app or messages with location updates from a mobile device enabled with Constellation Connect app). See Ex. B.

---

[1] The Accused Instrumentality is just one of the products provided by Defendant, and Plaintiff's investigation is on-going to additional products to be included as an Accused Instrumentality that may be added at a later date.

24. As recited in one step of Claim 21, the system, at least in internal testing and usage, utilized by the Accused Instrumentality practices receiving, at a first device (e.g., Constellation Connect server), a message which indicates location information (e.g., the location of the mobile device with the Constellation Connect app) of a second device located at a second geographical location (e.g., mobile device enabled with Constellation Connect app). For example, a device enabled with the Constellation Connect app sends location information to a Constellation Connect server which uses the location of user to identify distance from the connected Smart Home Automation device (e.g., a Thermostat or a Smart Light or a Smart Appliance, etc.). See Ex. B

25. As recited in another step of Claim 21, the system, at least in internal testing and usage, utilized by the Accused Instrumentality practices receiving, at a first device (e.g., Constellation Connect server), a message which includes a request for a first action (e.g., adjust a thermostat or turning ON/OFF a smart light or scheduling of smart appliances, etc.) to be performed by the first device (e.g., Constellation Connect server), wherein the request is related to the location information of the second device (e.g., location of mobile device with Constellation Connect app), wherein the one or more messages (e.g., a mobile device enabled with Constellation Connect app, messages with location updates from a mobile device enabled with Constellation Connect app) are received from the second device (e.g., the mobile device enabled with Constellation Connect app), and wherein the location information (e.g., location of mobile device with Constellation Connect app) of a second device (e.g., mobile device enabled with Constellation Connect app) acts as authentication to allow the first action (e.g., location information will authenticate adjusting a thermostat or turning ON/OFF a smart light or scheduling of smart appliances, etc.) to be performed by the first device (e.g., Constellation Connect server). See Ex. B.

26. The location information of the second device (e.g., location of mobile with Constellation Connect app) acts as authentication to allow the first action (e.g., adjusting a thermostat or turning ON/OFF a smart light or scheduling of smart appliances, etc.) because it permits the first device (e.g., Constellation Connect server) to perform the first action (e.g., adjusting a thermostat or turning ON/OFF a smart light or scheduling of smart appliances, etc.). Ex. B.

27. As recited in another step of Claim 21, the system, at least in internal testing and usage, utilized by the Accused Instrumentality practices performing, based at least on the received one or more messages (e.g., location information update related message), by the first device (e.g., Constellation Connect server), the authenticated first action (e.g., adjusting a thermostat or turning ON/OFF a smart light or scheduling of smart appliances, etc.) that is related to controlling a third device (e.g., Constellation Connect server controls turning ON/OFF or adjusts the connected Smart Home Automation device such as a Smart Light or a Thermostat or a Smart appliance, etc.). For example, when a user with Constellation Connect app installed and having settings of auto ON or OFF or adjust, when enters within certain area of the connected Smart Home Automation device (e.g., Smart Light or a Thermostat or a Smart appliance, etc.), the connected Smart Home Automation device automatically turns ON, OFF, or adjusts its settings accordingly. See Ex. B.

28. As recited in Claim 22, the second device is a mobile device (e.g., the user's smartphone with Constellation Connect app). See Ex. B.

29. The elements described in the preceding paragraphs are covered by at least Claims 21 and 22 of the '435 Patent. Thus, Defendant's use of the Accused Instrumentality is enabled by the method described in the '435 Patent.

## **INFRINGEMENT OF THE PATENT-IN-SUIT**

30. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs

31. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '435 Patent.

32. Defendant has had knowledge of infringement of the '435 Patent at least as of the service of the present Complaint.

33. Defendant has directly infringed and continues to directly infringe at least one claim of the '435 Patent by using, at least through internal testing or otherwise, the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '435 Patent, Plaintiff has been and continues to be damaged.

34. Defendant has induced others to infringe the '435 Patent by encouraging infringement, knowing that the acts Defendant induced constituted patent infringement, and its encouraging acts actually resulted in direct patent infringement.

35. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '435 Patent, pursuant to 35 U.S.C. § 271.

36. Defendant has committed these acts of infringement without license or authorization.

37. As a result of Defendant's infringement of the '435 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

38. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

39. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

40. Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '435 Patent either literally or under the doctrine of equivalents;

b. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '435 Patent;

d. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that

Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

f. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: March 30, 2021                        Respectfully submitted,

                                                      SAND, SEBOLT & WERNOW CO., LPA

                                                      <u>*/s/ Howard L. Wernow*</u>
                                                      Howard L. Wernow (SBN 0089019)
                                                      Aegis Tower – Suite 1100
                                                      4940 Munson Street NW
                                                      Canton, Ohio 44718
                                                      Telephone: (330) 244-1174
                                                      Facsimile: (330) 244-1173
                                                      Howard.Wernow@sswip.com

                                                      ATTORNEY FOR PLAINTIFF